

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,016-02, -03, and -04

### EX PARTE STEVEN RAY PORTER, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. W07-41259-P (A), W07-41471-P (A), and W07-41472-P (A) IN THE 203rd JUDICIAL DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three aggravated sexual assault of a child offenses and he was sentenced to imprisonment for thirty years in each case. The Applicant's convictions were affirmed on direct appeal. *Porter v. State*, Nos. 05-10-01390-CR, 05-10-01391-CR, and 05-10-1393-CR (Tex. App.—Dallas May 23, 2012) (not designated for publication).

The Applicant alleges that his guilty pleas have been rendered involuntary due to the ineffective assistance of his trial counsel. Specifically, the Applicant alleges that he would not have

pled guilty but for the erroneous advice of counsel that he would receive probation in these cases.

The State responds to Applicant's allegations, in pertinent part:

> While it is the State's position that Applicant received effective assistance of counsel and freely and voluntarily entered guilty pleas in each case, the State recognizes that further evidence may be needed regarding counsel's representation of Applicant. To that end, the State requests that this Court issue an order designating issues and gather evidence by way of affidavit from defense counsel, Mr. Jeff Buchwald, to address Applicant's claims. Pending production of evidence substantiating Applicant's claim, the State denies Applicant's allegations..

On August 20, 2014, a timely order designating issues was signed by the trial court. The habeas records were then properly forwarded to this Court pursuant to TEX. R. APP. P. 73.4 (b)(5), but without the designated issues being resolved by the trial court.[1] We remand these applications to the 203rd Judicial District Court of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 04, 2015
Do not publish

---

[1] Under TEX. R. APP. P. 73.4 (b)(5), a trial court may request an extension of time to resolve designated issues by filing a motion before the expiration of 180 days from the date of the receipt of the application by the State.